**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CR-322 HEA |
| | ) | |
| GREGORY LAVERL HAMPTON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Gregory Laverl Hampton's Motion and Second Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), which are based on Amendment 821 to the Sentencing Guidelines. (ECF Nos. 59 and 60). Defendant filed his motions *pro* se, without the assistance of counsel. For the reasons stated below, Defendant's motions are denied.

***Discussion***

Following a guilty plea in this case, Defendant was convicted of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and two counts of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Court calculated Defendant had a total offense level of 27, a criminal history score of 0,

and was in Criminal History Category I. On August 1, 2024, Defendant was sentenced to a term of 68 months imprisonment, followed by three years of supervised release.

In his motions, Defendant moves for relief under Amendment 821 to the United States Sentencing Guidelines ("USSG"), which the United States Sentencing Commission (the "Commission") made effective on November 1, 2023. Defendant was sentenced on August 1, 2024, after the date the amendment went into effect, however, he was not entitled to the benefit of Amendment 821.

In Part A to Amendment 821, the Commission made changes to the "status points" provision, which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. The retroactive application of Part A does not affect Defendant's criminal history because he was assigned a criminal history score of 0 and was in Category I.

In Part B, Subpart 1 to Amendment 821, the Commission added a new § 4C1.1 to the Guidelines. The new section provides for a two-level reduction in a defendant's total offense level if the defendant received zero criminal history points and, among other criteria, "the defendant did not possess…a firearm … in connection with the offense." USSG § 4C1.1(a)(a)(7). Defendant was not eligible for relief under the new § 4C1.1, because he possessed a firearm while committing

the instant offenses. As a result, Amendment 821 did not apply to Defendant, and he is ineligible for a reduction in sentence. USSG § 1B1.10(a)(2)(B).

***Conclusion***

The Court has conducted its review of Defendant's two motions to reduce sentence, as well as other relevant materials in the record. The Court concludes that Defendant is not entitled to a reduction in sentence. Defendant's motions to reduce sentence are without merit and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion and Second Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 are **DENIED**. [ECF Nos. 59 & 60]

Dated this 29th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE